IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  **Plaintiff,**  v.  **DARNELL BROWN,**  **Defendant.** | Case No. 3:14-CR-30082-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Reduce Sentence under Section 404 of the First Step Act of 2018 filed by Defendant Darnell Brown (Doc. 52), as well as a Motion to Dismiss filed by the United States of America (Doc. 55).

On November 14, 2014, Brown was sentenced by now-retired District Judge David R. Herndon to 151 months' imprisonment and a subsequent three year term of supervised release, following his guilty plea to Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1), and pursuant to 21 U.S.C. § 841(b)(1)(C). (Docs. 28, 31). While the offense involved Brown's distribution of cocaine base, or "crack cocaine," the substance was not analyzed as crack cocaine, and Brown was only charged with distribution of cocaine. The Court did find Brown to be a career offender under U.S.S.G. § 4B1.1 because, at the time of the offense, he had two prior felony convictions for either a crime of violence or a controlled substance offense. (Doc. 23). Darnell is incarcerated at FMC Lexington with an anticipated release date of April 1, 2024.[1]

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited Feb. 2, 2022).

In 2010, Congress enacted the Fair Sentencing Act, which, among other things, aimed to reduce the sentencing disparity between offenses involving powder cocaine and those involving cocaine base. *See* Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220 §§ 2-3, 124 Stat. 2372. Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who committed their offenses and were sentenced before August 3, 2010. *See* First Step Act, § 404. The Act gives district courts discretion to reduce a defendant's sentence for a cocaine base offense as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *Id.* Accordingly, defendants who were convicted before August 3, 2010, of a cocaine base offense for which the Fair Sentencing Act reduced their statutory penalties, are now eligible for consideration of a reduced sentence. *Id.* Whether to reduce the sentence of an eligible defendant is left to the sentencing court's discretion. *Id.*

Brown asks the Court to reduce his sentence under Section 404 of the First Step Act. In response, the Government argues Brown does not qualify for relief under Section 404 because he was sentenced in 2014 and, thus, he already benefited from the application of the Fair Sentencing Act of 2010. The Court notes, however, that Brown was never sentenced for a cocaine base offense at all. He was only charged with distribution of cocaine, and he was sentenced accordingly. (Docs. 1, 31). Thus, Section 404 is inapplicable to Brown's offense.

Although Brown only references Section 404 in his motion, the Government also argues Brown would not be eligible for a sentence reduction under Section 401(c) of the First Step Act, which lowered the statutory mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A) and changed the definition of qualifying predicate offenses. The Government notes this amendment only applies to offenses committed before the enactment of the First

Step Act on December 21, 2018, and for which a sentence had not yet been imposed. Because Brown , sentenced in 2014, this provision of the First Step Act also is inapplicable.

Brown further references *United States v. Hogsett*, 982 F.3d 463 (7th Cir. 2020), and *United States v. Jackson*, without any accompanying argument. The Court notes, however, that *Hogsett* involved the application of the First Step Act to a crack cocaine offense, which is not at issue here. And without a citation to the *Jackson* case, the Court cannot evaluate its application to Brown's case.

Finally, Brown mentions his attempt to better himself in prison and includes a list of all programs and classes he has completed during his incarceration. While the Court commends Brown for his personal development, this is not a proper ground for reducing Brown's sentence under the First Step Act.

For these reasons, the Motion to Reduce Sentence under the First Step Act of 2018 filed by Defendant Darnell Brown (Doc. 52) is **DENIED**. The Motion to Dismiss filed by the United States of America (Doc. 55) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:   February 3, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**